Wu v. Holder

BIA
Hom, I.J.
A077 977 413

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of May, two thousand fourteen.

PRESENT:
      ROBERT A. KATZMANN,
          *Chief Judge,*
      RALPH K. WINTER,
      DEBRA ANN LIVINGSTON,
          *Circuit Judges.*

_____

WEN LONG WU, AKA HSUHSIANG TENG,
      *Petitioner,*

      v.               13-92
                        NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Zhong Yue Zhang, New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney General; James A. Hunolt, Senior Litigation Counsel; Jesse Lloyd Busen, Trial Attorney, Civil

**Division, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Wen Long Wu, a native and citizen of the People's Republic of China, seeks review of a December 31, 2012, order of the BIA affirming the September 13, 2011, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Wen Long Wu*, No. A077 977 413 (B.I.A. Dec. 31, 2012), *aff'g* No. A077 977 413 (Immig. Ct. N.Y. City Sept. 13, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of the case, we have reviewed the IJ's decision. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Because Wu does not challenge the agency's finding that he did not establish past persecution, Wu is required to show that he has a well-founded fear of future persecution. Wu has not identified any error in the IJ's decision.

First, Wu submitted a letter from his father stating that authorities in China continue to search for him, but the letter, prepared for purposes of the proceedings, lacks any detail about the search. The IJ thus did not err in affording the letter little weight. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214 & n.5 (BIA 2010), *overruled in part on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). Despite Wu's argument that the agency erred in rejecting the letter as unauthenticated pursuant to 8 C.F.R. § 287.6, the IJ did not reject the document as unauthenticated, but rather gave it little weight as unsworn and lacking in detail.

Moreover, the IJ reasonably gave Wu's testimony regarding phone conversations with his father little weight, as the testimony lacked detail and was unsupported by any corroborating evidence. *See Diallo v. INS*, 232 F.3d 279, 285 (2d Cir. 2000) ("While consistent, detailed, and

3

credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected."). Wu also cites to human rights reports to say that country conditions support his claim that he will be sterilized. We do not consider this evidence, as it was not submitted to the agency. *See* 8 U.S.C. § 1252(b)(4)(A).

Because Wu did not meet his burden for asylum, he necessarily cannot meet the higher burden required for withholding of removal and CAT relief. *See* 8 C.F.R. § 1208.16(b), (c); *Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4